**UNITED STATES of America,**
**Plaintiff,**

v.

**$715,031.27 SEIZED FROM WACHOVIA BANK ACCOUNT NUMBERS x–3397, x–3423, x–7490 AND x–4390; Bank of North Georgia Account Number x–8215; and RBC Centura Bank Account Number x–7242, Defendant.**

**Civil Action No. 1:07–CV–2227–RLV.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 17, 2008.

Mary F. Kruger, U.S. Attorney's Office, Atlanta, GA, for Plaintiff.

Robert Ononogbu Akomah, Robert O. Akomah & Associates, LLC, Marietta, GA, for Defendant.

*ORDER*

ROBERT L. VINING, Senior District Judge.

This is a civil forfeiture action brought pursuant to 18 U.S.C. § 981 for an alleged violation of 18 U.S.C. § 1960. Pending before the court is the United States of America's motion for summary judgment [Doc. No. 37].

## I. FACTUAL BACKGROUND

On or about July 11, 2007, agents of the United States Immigration and Customs Enforcement seized a total of $715,031.27 from Wachovia account numbers x–3397, x–3423, x–7490, and x–4390; Bank of North Georgia account number x–8215; and RBC Centura Bank account number x–7242 ("the Defendant Currency"), pursuant to 18 U.S.C. § 981(a)(1)(A), on the grounds that the Defendant Currency constituted property involved in a violation of 18 U.S.C. § 1960. The government's investigation ultimately determined that the Defendant Currency was property involved in the operation of an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960.

The United States filed this civil forfeiture action on September 12, 2007, and amended its complaint on November 6, 2007. On November 16, 2007, a claim to the Defendant Currency was filed by Anthony Ortiz as the agent for the "owners" of the Defendant Currency. The companies identified as the "owners" of the Defendant Currency include: Leader Export Import Business, Howell Import Export, YIC LLC, HCBA Factory, U.S. Brazil Enterprises, and Unique Group ("the Claimants").

## II. LEGAL DISCUSSION

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the non-moving party has failed to present evidence in support of some element of his or her claim on which he or she bears the ultimate burden of proof. *Id.* at 322–23, 106 S.Ct. 2548. Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by … affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. 2548.

18 U.S.C. § 981(a)(1)(A) provides for the forfeiture of property involved in a transaction in violation of 18 U.S.C. § 1960, or any property traceable to such property. 18 U.S.C. § 1960(a) makes it a crime to "knowingly conduct[ ], control[ ], manage[ ], supervise[ ], direct[ ], or own[ ] all or part of an unlicensed money transmitting business."

To prevail in this case, the government must first demonstrate that the Claimants violated 18 U.S.C. § 1960(a). Next, the government must show that forfeiture is appropriate under 18 U.S.C. § 981(a)(1)(A). The court will first address whether the government has shown that the Claimants violated 18 U.S.C. § 1960(a).

To convict a person of owning or conducting a business in violation of 18 U.S.C. § 1960(a), the government need prove only that the defendant had knowledge that the business was an unlicensed money transmitting business. See *United States v. Elfgeeh*, 515 F.3d 100 (2d Cir. 2008). The record shows that Mr. Ortiz himself admitted that he was acting as the agent for the claimants and that he was knowingly operating an illegal and unlicensed money service business. [Ortiz Deposition at pages 20, 27, 31, 60, 61]. Such an admission clearly shows that the Claimants were involved in an unlicensed money transmitting business in violation of 18 U.S.C. § 1960(a).

Next, this court must decide whether all or part of the $715,031.27 seized by the government is subject to forfeiture. As previously mentioned, 18 U.S.C. § 981(a)(1)(A) provides for the forfeiture of property involved in a transaction in violation of 18 U.S.C. § 1960, or any property traceable to such property. It is undisputed that the accounts from which the Defendant Currency was seized were owned by one or more of the individual Claimants. Ortiz has admitted that the Claimants were not import-export businesses but were businesses that existed solely to transmit money on behalf of Brazilian nationals. [Ortiz Deposition, Page 29]. Furthermore, Ortiz admitted that the money seized in this case did not belong to Ortiz personally but was the Claimants' funds. [Ortiz Deposition, Page 60].

Since it is admitted that the Claimants are nothing more than sham corporations established for the purpose of engaging in an unlawful money transmitting business, this court finds that the entire $715,031.27 constitutes property involved in a transaction or attempted transaction

in violation of 18 U.S.C. § 1960(a) and, therefore, is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A). Furthermore, since Ortiz himself admits that these sham corporations were set up for the very purpose of violating 18 U.S.C. § 1960(a) and further admits that he was aware of this from the beginning, any argument that he or the Claimants were innocent owners protected by 18 U.S.C. § 983(d) is foreclosed.

In a last-ditch effort to prevent summary judgment for the United States, Ortiz has submitted an unsworn statement which is in direct contradiction to the prior sworn testimony given at his deposition. This court will not consider unsworn statements submitted in the context of summary judgment. *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir.1980). However, even if Ortiz had made such a statement in the form of an affidavit, this court would disregard it as a "sham" affidavit, as no explanation was provided explaining why this new statement is in direct contradiction to his previous sworn testimony. *Van T. Junkins and Assoc. v. U.S. Indus.*, 736 F.2d 656, 657 (11th Cir.1984). The court concludes that Ortiz's unsworn statement does not create an issue of material fact to defeat summary judgment.

For the foregoing reasons, the court GRANTS the United States of America's motion for summary judgment [Doc. No. 37].